UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ONTIVEROS,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | CASE NO. 1:14-CV-1006-SMS<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER<br><br>(Doc. 14) |

Plaintiff Gloria Ontiveros, by her attorneys, Law Offices of Lawrence L. Rohlfing, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act (42 U.S.C. § 301 *et seq.*) (the "Act"). The matter is currently before the Court on the parties' cross-briefs, which were submitted, without oral argument, to the Honorable Sandra M. Snyder, United States Magistrate Judge. Following a review of the complete record and applicable law, this Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based on proper legal standards.

**I.     Background**

   A. Procedural History

On June 15, 2010, Plaintiff applied for disability insurance benefits. Plaintiff alleged an onset of disability date of February 28, 2009. The Commissioner initially denied the claims on January 19, 2011, and upon reconsideration again denied the claims on July 6, 2011. On August

8, 2011, Plaintiff filed a timely request for a hearing.

On August 29, 2012, and represented by counsel, Plaintiff appeared and testified a hearing presided over by John Cusker, Administrative Law Judge ("the ALJ"). See 20 C.F.R. 404.929 et seq. An impartial vocational expert, Kathryn A. Atha ("the VE"), also appeared and testified.

On November 15, 2014, the ALJ denied Plaintiff's application. The Appeals Council denied review on April 9, 2014. The ALJ's decision thus became the Commissioner's final decision. See 42 U.S.C. § 405(h). On June 26, 2014, Plaintiff filed a complaint seeking this Court's review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

B.  Relevant Record

The only issue on appeal is whether the ALJ committed legal error when he failed to explain a deviation from the Dictionary of Occupational Titles at step four of the sequential analysis. Plaintiff's physical and mental impairments and RFC are not on appeal. Hence, the record will not be summarized here.

C.  Vocational Expert Testimony

At the administrative hearing, the VE classified Plaintiff's past work as convenience store cashier (DOT # 915.477-01, light, SVP 3), food service worker (DOT # 319.677-014, medium, SVP 2), and home attendant (DOT # 354.377-014, medium SVP 3). The VE testified that her current job as home attendant was actually performed at less than medium. The ALJ asked the VE to assume a hypothetical person of the same age, education, and work history as Plaintiff, could lift and carry 100 pounds occasionally and 50 pounds frequently, and only occasionally reach above shoulder level on the right side, with the right side being the dominant extremity. The VE opined that this individual could perform the cashier and food service worker positions.

The ALJ proposed a similar hypothetical of an individual with the same vocational factors as Plaintiff, had no exertional or postural limitations, but was limited from working overhead with her right arm. The VE testified that such an individual could perform Plaintiff's past work.

For the third hypothetical, the ALJ asked the VE to assume an individual with the same vocational factors and same RFC but was also limited to simple, repetitive tasks. The VE opined that such an individual could perform Plaintiff's past work of food service worker in a hospital.

Plaintiff's attorney questioned the VE as to the level of skill required for a food service worker in a hospital. The VE affirmed that the classification was unskilled even though she would enter dietary changes into the kitchen computer.

### D. Disability Determination

After considering the evidence, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. He found that Plaintiff had the following severe impairments –bilateral carpal tunnel syndrome, post right carpal tunnel release, and history of major depressive disorder in apparent partial remission– which significantly limited her ability to perform basic work activities. He found that Plaintiff also had a non-severe impairment of obesity, which did not cause more than a minimal limitation in activity. The ALJ found that Plaintiff did not have an impairment that met or medically equaled the severity of a listed impairment. He found that Plaintiff had the RFC to perform a full range of work at all exertional levels but could only occasionally to frequently reach over shoulder level with the right dominant arm, and was limited to simple, repetitive tasks. The ALJ concluded that Plaintiff was capable of performing her past relevant work as a food service worker in a hospital. Hence, he determined that Plaintiff was "not disabled."

## II.  **Legal Standard**

### A. The Five-Step Sequential Analysis

An individual is considered disabled for purposes of disability benefits if she is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a) (3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003).  The impairment(s) must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f). In the five-step sequential review process, the burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Id.* at 1098–99; 20 C.F.R. §§ 404.1520, 416.920.

In the first step of the analysis, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the second step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If so, in the third step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments, 20 C.F.R. 404, Subpart P, App. 1. *Id.* §§ 404.1520(d), 416.920(d). If not, in the fourth step, the ALJ must determine whether the claimant has sufficient RFC, despite the impairment or various limitations to perform his past work. *Id*. §§ 404.1520(f), 416.920(f). If not, in step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. *Id*. §§ 404.1520(g), 416.920(g).

B.  Standard of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). If an ALJ applied the proper legal standards and the ALJ's findings are supported by substantial evidence, this Court must uphold the ALJ's determination that the claimant is not disabled. *See, e.g., Ukolov*

*v. Barnhart*, 420 F.3d 1002, 104 (9th Cir. 2005); *see also* 42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1998 (9th Cir. 2008).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Where the evidence as a whole can support either outcome, the Court may not substitute its judgment for the ALJ's, rather, the ALJ's conclusion must be upheld. *Id*.

**III.    Discussion**

Plaintiff argues the description for food service worker, hospital in the Dictionary of Occupational Titles ("DOT") requires her to perform at a higher reasoning level, Level 3, than is permitted by her RFC which restricts her to simple repetitive tasks. She argues that the ALJ erred in failing to resolve the deviation from the DOT.

A.    Applicable Law

"The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-4p. "The term 'occupation,' as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs." *Id*. "Information about a particular job's requirements […] may be available […] from a VE's or VS's experience in job placement or career counseling." *Id*. A VE may be able to provide more specific information about jobs or occupations than the DOT. *Id*.

An ALJ cannot rely on the VE's testimony without inquiring whether it conflicts with the DOT and obtaining a reasonable explanation for any apparent conflict. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007). "An example of a conflict between the DOT and a VE's testimony is when the DOT's description of a job includes activities a claimant is precluded from doing, and the VE nonetheless testifies that the claimant would be able to perform that job." *Tovar v. Colvin*, 2015 U.S. Dist. LEXIS 3997, *9-10 (C.D. Cal. Jan. 12, 2015)(*citing Tommasetti v. Astrue*, 533 F.3d 1035, 1042-43 (9th Cir. 2008)). If the ALJ relies on a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). "[I]n order for an ALJ to rely on a job

5

description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).

The Ninth Circuit found that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). This conflict invokes the ALJ's duty to resolve the deviation. The *Zavalin* appeal was reversed because the ALJ in that case had failed to recognize the inconsistency and did not ask the expert to explain why a person with Zavalin's limitation could nevertheless meet the demands of Level 3 Reasoning. *Id*. While Level 3 reasoning seems inconsistent with an RFC limited to simple and routine work tasks, Level 2 reasoning appears more consistent. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).

B. Analysis

Here, the ALJ found that Plaintiff was limited to simple, repetitive tasks. The ALJ also found that Plaintiff could perform her past relevant work of food service worker, hospital, which has a Reasoning Level of 2, not 3, as argued by Plaintiff. DOT # 319.677-014. The DOT identifies food service worker, hospital as SVP 2, the VE testified that it was SVP 2, and the ALJ identified it in the written decision as SVP 2.

Level 2 Reasoning requires a person to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, Appx. C, III; *Zavalin*, 778 F. 3d at 847. The food service worker, hospital title describes the functions as follows:

> Prepares and delivers food trays to hospital patients, performing any combination of following duties on tray line: Reads production orders on color-coded menu cards on trays to determine items to place on tray. Places items, such as eating utensils, napkins, and condiments on trays. Prepares food items, such as sandwiches, salads, soups, and beverages. Places servings in blender to make foods for soft or liquid diets. Apportions and places food servings on plates and trays according to diet list on menu card. Examines filled tray for completeness and places on cart, dumbwaiter, or conveyor belt. Pushes carts to halls or ward kitchen. Serves trays to patients. Collects and stacks dirty dishes on cart and returns cart to kitchen. Washes dishes and cleans work area, tables, cabinets, and ovens. Collects and places garbage and trash in designated containers. May record amount and types of special food items served to patients. May assemble and serve food items to hospital staff in cafeteria.

DOT # 319.677-014. This relatively lengthy DOT description reveals that the hospital food service worker is required to perform simple and repetitive tasks that seem to comport with the requirements of Level 2 Reasoning. There is no apparent deviation from the DOT.

Nevertheless, even if there was an apparent conflict between SVP 2 and a limitation to simple, repetitive tasks, this conflict was resolved. The VE specifically testified, when questioned by Plaintiff's attorney, that the hypothetical person limited to simple, repetitive tasks would be capable of performing the functions of the hospital food service worker. She testified that the hypothetical individual would be able to enter orders into the kitchen computer and would not be required actually to make the decision to change a patient's diet.

Further, the ALJ compared Plaintiff's RFC with the physical and mental demands of the work and found that she was able to perform it as actually performed. This finding is supported by substantial evidence in the record. The ALJ discussed Plaintiff's testimony. Plaintiff's part-time work involves home patient care. She makes sure the patients are comfortable, walks with them to the restroom, and does a little cleaning. Plaintiff is able to pay bills, count change, and handle bank accounts. She completed eleventh grade and completed vocational training as a certified nursing assistant. She likes to read and can read for about four hours. She is able to drive. Plaintiff wrote in her Work History Report that, as a hospital food service worker, she would change diet for patients, answer phones, push and dock cart, move plates and newspapers, use a computer to find patients' menu preference, stock pantries, and deliver trays to patients. This indicates that she is able to perform at Level 2 Reasoning and that she would be able to perform her past relevant work as a hospital food service worker, as it was actually performed.

Thus, the ALJ's step-four finding that Plaintiff can perform her past relevant work as a hospital food service worker is supported by substantial evidence in the record.

**IV.     Conclusion and Order**

For the foregoing reasons, the Court finds that the ALJ applied appropriate legal standards and that substantial credible evidence supported the ALJ's determination that Plaintiff was not disabled. Accordingly, the Court hereby DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of Court is DIRECTED to enter

judgment in favor of the Commissioner and against Plaintiff.

IT IS SO ORDERED.

   Dated: **September 8, 2015**            **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE